## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ERICK STEVE RUIZ CEBALLOS )
)
**PETITIONER,** )
)
v. )
)
)
)
US. CITIZENSHIP AND IMMIGRATION ) Case No.: 26-1274
SERVICES; **NATALIA FIGUEROA** in her )
official capacity as Field Office Director, San )
Juan Field Office, U.S. Citizenship, and )
Immigration Services; **KIKA SCOTT**, in her )
official capacity as Acting Director, District )
9 - Miami District Office, U.S. Citizenship )
and Immigration Services; U.S. Citizenship )
and Immigration Services. **Hon. Joseph** )
**Edlow**, in his official capacity as Director, )
U.S. Citizenship and Immigration Services; )
and **Hon. Markwayne Mullin** in his official )
capacity as the Secretary of the U.S. )
Department of Homeland Security, )
)
**RESPONDENTS,** )
)

## WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW, Petitioner Erick Steve Ruiz Ceballos, in the instant case, and

through its undersigned attorney respectfully States and Prays:

## I. INTRODUCTION

1.    Mr. Erick Steve Ruiz-Ceballos is a United States Citizen. His mother is n

Vivian Ivonne Ceballos Castillo (A231722042), who is a citizen of Guatemala.

2.     On October 2, 2025, Mrs. Ruiz-Ceballos e filed a Petition for Alien Relative on behalf of his mother, to have his mother apply for permanent resident status in the United States. **(Attachment 1)**

3.     The respondents have unlawfully and unreasonably delayed the adjudication of the immigration petition (I-130) in bad faith to the prejudice of the Petitioner. The Petitioner seeks relief in the form of an order from the Court to have the petition promptly adjudicated.

## II. JURISDICTION

4.     This action is brought against the defendants, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.); title 8 of the Code of Federal Regulations; the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, §555(b), §701, et seq.; and for violations of the due process and equal protection clauses of the Fifth Amendment.

5.     This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question); and 1346(a)(2) (United States as defendant). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All-Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

## III. VENUE

6.    Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391(e)(1) because "a substantial part of the events or omissions giving rise to the claim occurred," in this district.

## PARTIES

7    Petitioner ERICK STEVE RUIZ CEBALLOS is a United States Citizen who lives in San Juan, Puerto Rico. He is the petitioner in the immigration petition that is the subject of this complaint.

8.    Respondents **U.S. Citizenship and Immigration Services (USCIS)** is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petitions that are the subject of this complaint. USCIS is responsible for the legal wrongs committed against the plaintiff.

9.    **Officer Natalia Figueroa** is sued in her official capacity as the Field Office Director for the USCIS San Juan Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the plaintiffs.

10.    Hon. **Kika Scott** is sued in her official capacity as the District Director for USCIS District 9 – Miami District Office which has jurisdiction over the San Juan USCIS Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the plaintiffs.

11.    **Hon. Joseph Edlow** is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS) He has supervisory authority over the preceding defendants and is also responsible for the legal wrongs committed against the plaintiffs.

12.    **Hon. Markwayne Mullin** is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS) which is responsible for the enforcement of the immigration laws. Because the preceding respondents are agents of the DHS, Secretary **Mullin** is also responsible for the legal wrongs committed against the petitioner.

## EXHAUSTION OF REMEDIES

13.    The Petitioner has exhausted their administrative remedies. There is no administrative remedy, or statutory or regulatory remedy for review under the INA, or the Code of Federal Regulations, to address their circumstances.

## FACTUAL ALLEGATIONS

14.    Petitioner is a United States Citizen and resident of the San Juan, Puerto Rico, (USA).

15.    Petitioner Ruiz Ceballos is the son of Vivian Ivonne Ceballos Castillo (Beneficiary) (A231-722-042) who is a citizen from Guatemala. **(Attachment #2)**

16    On October 2, 2025, Mr. Ruiz Ceballos filed with the respondents a Form I-130, Petition for Alien Relative, on behalf of his mother. This petition was assigned to receipt number IOE9193469398 by USCIS. (*Attachment 1*)

17. The petition packet filed by Mr. Ruiz Ceballos, contained the filing fee and sufficient supporting evidence for approval.

18. Mr. Erick Steve Ruiz Ceballos and his mother have not been interviewed by USCIS San Juan Field Office, to investigate their relationship.

20. Respondents have not requested any further documentary evidence from Erick Steve Ruiz Ceballos, regarding the mother and son relationship.

21. Mr. Erick Steve Ruiz Ceballos is a United States Citizen, that is petitioning for his mother, as such, his petition for Alien Relative (Form I-130) does not have to wait for a visa number to become available, since his is an immediate relative. **See 8 U.S.C. § 1151(b)(2)(A)(i)**; See <u>Matter of P-, 4 I&N Dec. 610, 613 (A.G. 1952),</u> stating that a mother of a U.S. citizen <u>is eligible for an immediate visa</u> under section 201(b)(2)(A)(i) of the Act.

22. **On December 10, 2021**, Mrs. Ceballos Castillo applied for admission into the United States and was **admitted** and paroled to the United States by the Department of Homeland Security.

23. Mr. Ruiz Ceballos' I-130 is still pending before USCIS.

22. Mr. Ruiz alleges that USCIS is unreasonably delaying the adjudication of the petition filed by Ruiz Ceballos in bad faith, since he is petitioning his mother and all relevant evidence of was submitted to the respondents.

23. On July 2, 2025, **Ruiz Ceballos's mother** was placed in removal proceedings. **(Attachment 3)** Since USCIS had not adjudicated the I-130, at the time Ceballos

Castillo had to identity immigration reliefs before the immigration Court, the Immigration judge ordered her removed from the United States May 6, 2026.

24.    If the I-130 is adjudicated, Mrs. Ceballos Castillo can file a Motion to Reopen before the Immigration Court, because now she has an I-130 approved and he would qualify to file her adjustment of status before the Immigration court, thereby vacating her removal order.

25.    Petitioner Ruiz-Ceballos has been prejudiced because of the ongoing uncertainty and worry he is suffering, with regard to his mother as to whether he will be allowed to remain united with his mother in the United States.

26.    Petitioner's mother cannot file Adjustment of Status before the **Immigration Court** if her I-130 is not adjudicated. (See <u>Matter of Garcia 16 I&N Dec. 653 (BIA 1978)</u> (An IJ should generally grant a continuance for a person in removal proceedings if they have a pending prima facie approvable I-130 petition through a USC spouse.)

27.    If the Respondents adjudicate the I-130, Mrs. Ceballos-Castillo can adjust her status to Lawful Legal Permanent before the immigration Court.

<div align="center">CLAIMS FOR RELIEF</div>

<div align="center">FIRST CAUSE OF ACTION:<br>PETITION FILED ON BEHALF OF MRS. CEBALLOS-CASTILLO</div>

28.    The allegations in paragraphs 1-27 are realleged and incorporated herein.

29.    The actions of the respondents as to the petition filed on behalf of Mr. Ruiz Ceballos' mother have caused unlawful, unreasonable delay in the adjudication of the petition, and constitute an unlawful, unreasonable failure to adjudicate the petition,

in violation of the APA, the INA, the Code of Federal Regulations, and denies the Petitioner due process and equal protection of the laws guaranteed by the Fifth Amendment to the Constitution for the United States of America. See, e.g., 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

30.    Pursuant to 5 U.S.C. §§ 702, 706(1), the Petitioner is entitled to declaratory and injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed" with regard to the petition I-130 filed by Mr. Ruiz Ceballos.

31.    Alternatively, the petitioners are entitled to mandamus relief to compel an adjudication of the petition filed on behalf Ceballos Castillo because: (1) the Respondents have a nondiscretionary, ministerial, clear duty to adjudicate the petition; (2) the Petitioner have a clear right to an adjudication of the petition within a reasonable time; and (3) there is no other adequate remedy available to the Petitioners.

<div align="center">PRAYER FOR RELIEF</div>

WHEREFORE, the plaintiffs pray that this Honorable Court grant the following relief:

(a)    Assume jurisdiction over this matter;

(b)    Declare that the Respondents have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Ramos' I-130 immigration petition filed by Ruiz Ceballos in violation of law,

(c)    Order the Respondents to adjudicate the I-130 immigration petition that Ruiz Ceballos  filed on behalf of his Mother, within a reasonable period of time determined by this Court.

(d)    Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e)    Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b); and

(f) Grant any other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In Santurce, Puerto Rico, May 7, 2026

<div style="margin-left:40%">

S/RAYMOND L. SANCHEZ-MACEIRA
USDC: 211405
PO BOX 191972
SAN JUAN, PR 00919
TEl 721-3370/ FAX 721-4706
sanchezlaw264@gmail.com
</div>

VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner and submit this verification on their behalf. I hereby verify that the factual statements made in the foregoing preliminary Injunction are true and correct to the best of my knowledge.

Dated this Thursday, May 7, 2026.

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405